851 F.2d 356
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert BLAGMOND, Plaintiff-Appellant,
v.
George P. MURPHY, Mayor, City Hall, Easton, Maryland;
Herbert L. Andrew, President, 3rd, City Hall; Blenda
Arnistead, Manager, Talbot County Courthouse; Robert W.
Gurlock, Sheriff, Sheriff's Department. All of the
defendants, individually, and his official capacity of their
duty under the color of law and the State, Defendants-Appellees.
 No. 88-7011.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 25, 1988.
Decided: July 5, 1988.
 
 Robert Blagmond, appellant pro se.
 Before WIDENER, JAMES DICKSON PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Blagmond appeals from the district court order dismissing his 42 U.S.C. Sec. 1983 suit as barred by res judicata. Because Blagmond's two cases do not involve identical issues and identical parties, this case is remanded.
 
 
 2
 Blagmond brought the instant suit against the mayor, president, and manager of the City of Easton and against the sheriff of Talbot County. He alleged that while he was confined at Talbot County Jail from November 1984 to July 1985, he was denied body hygiene and cleansing materials, proper visitation facilities, clean clothes, proper heat, proper lighting, a clean shower room, a clean cell, exercise, and religious services. In addition, he stated he was assaulted by the jail warden. Finding the allegations strikingly similar to a case Blagmond had filed in 1985, the district court dismissed the action on the grounds of res judicata.
 
 
 3
 The doctrine of res judicata has three essential elements:
 
 
 4
 (1) a final judgment on the merits in an earlier suit,
 
 
 5
 (2) an identity of the cause of action in both the earlier and the later suit, and
 
 
 6
 (3) an identity of parties or their privies in the two suits.
 
 
 7
 Nash County Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir.), cert. denied, 454 U.S. 878 (1981).
 
 
 8
 Blagmond received a final judgment on the merits in his prior action in the form of a punitive damage award against the Talbot County sheriff and a deputy sheriff. Apart from the sheriff, however, who was a party to both actions, there is no identity of defendants between the two actions. Moreover, the cause of action is not identical in both suits. Blagmond complained in the first suit that he was denied shoes between November 27 and November 29, 1984, and was required to appear in court without shoes. In the instant action, Blagmond makes no mention of being denied shoes; instead, he challenges the general living conditions relating to supplies, heat, lighting, space, cleanliness, worship, and exercise. In addition, he states he was assaulted.
 
 
 9
 Because the two cases do not involve the same issues and the same parties, we vacate the judgment of dismissal and remand for further proceedings. As the facts and legal arguments are adequately presented in the briefs and record, the decisional process will not be significantly aided by oral argument.
 
 
 10
 VACATED and REMANDED.